**In the Matter of**:

**ALFREDO ROMAN VEGA**

Debtor(s)

Case No. 06-05224 SEK

Chapter 13

## REQUEST OF WAIVER TO TAKE COURSE MANAGEMENT AFTER COMPLETION OF CHAPTER SEVEN

**TO THE HONORABLE COURT**:

The undersigned, attorney for the above-named debtors, notifies the Court as follows,

1.  Debtor filed this chapter 7 and completed all the requirements. Unfortunately he died of a massive heart attack a few days after he appeared at the 341 meetings of creditors. Because debtor did not respond to our messages and he was living by himself, we made several efforts until we got in contact with his family who informed about his death.

2.  Debtor's sister requested a certification of death with the government but it was not available yet. Because debtor left several children, the denial of discharge will be very harmful to them regarding the debts included in the petition. For the reasons stated we request from the court a waiver to submit a Management Course Certification and an Order of discharge be entered accordingly.

**WHEREFORE**, we pray that the Court take notice of the informed above and grant our motion.

**I HEREBY CERTIFY**, that the trustee is in the notification list by ECF and the undersigned mailing address is as specified below.

In Vega Baja, Puerto Rico, on this June 7, 2007.

s/Juan O. Calderon-Lithgow
**JUAN O. CALDERON LITHGOW**
ATTORNEY FOR DEBTOR, 205607
PO BOX 1710

VEGA BAJA, PR 00694-1710

TEL.:  858-5476

juan004@prtc.net


The court initially determined that the request for waiver of credit counseling must include a certification in compliance with 28 USC

§1746, which reads in part:


 Whenever, under any law of the United States ... any matter is required or permitted to be supported, evidenced, established or proved by the sworn declaration, verification, certificate, ... [the following form may be used]:

...

(2) If executed within the United States, its territories, possessions or commonwealths: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."


Such certification must establish 1) exigent circumstances that merit the exception; 2) that the Debtor requested counseling from an approved agency but was unable to obtain it within five days; 3) and that the certification be satisfactory to the Court.


 The court concluded that the initial motion was defective in containing no certification by the debtor.  The first certification was inadequate for not providing any detail of the pertinent facts.  The second certification was inadequate for not showing that counseling would be unavailable for five days.  The court also noted that debtors were aware of the lawsuit well prior to November 2 and did not seek counseling earlier.